UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYAN L.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-1731 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals cessation of his Social Security disability benefits. Plaintiff contends the ALJ erred by discounting his testimony, his father's testimony, and an examining doctor's opinion. Dkt. 13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 35 years old and has a limited education and no past relevant work. Dkt. 10, Admin. Transcript (Tr.) 99, 24. Plaintiff was found disabled beginning July 1, 2003, due to anxiety and cognitive disorders. Tr. 15, 17. He was determined to be no longer disabled beginning January 1, 2015. Tr. 15. The ALJ found that since January

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE
- 1

2015, based on severe impairments of bipolar, panic, and dependent personality disorders and degenerative disc disease, Plaintiff had the residual functional capacity to perform simple, routine, medium-exertion work, with no public interaction and superficial coworker interaction, in a stable work environment without production line or fast-paced work.  Tr. 17, 20.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  Plaintiff contends his and his father's testimony and the opinions of Paul C. Daley, Ph.D., establish he remains disabled.

**A.  Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.  The ALJ discounted Plaintiff's testimony that he spends most of his time panicking and pacing his room, because his mental health remained stable even with little mental health treatment and long stretches with none.  Tr. 65, 22-23.  An ALJ may properly discount claimant testimony when the record shows the claimant "did not seek an aggressive

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

treatment program" or "responded favorably to conservative treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Moreover, "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff argues the ALJ erred by failing to consider a potential explanation for failure to seek treatment, pointing to one treatment note referencing a lack of insurance. Dkt. 17 at 4. The note reports Plaintiff "has not been able to establish care with Compass Behavioral Health as he has not obtained health insurance yet but hopes to have his insurance soon." Tr. 559. It does not indicate he cannot obtain health insurance, only that he has not. Inadequately explained failure to seek treatment was a clear and convincing reason to discount Plaintiff's testimony of disabling mental impairments.

**B.     Lay Witness Testimony**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The Commissioner concedes the ALJ's reasons of family bias and lack of medical support were erroneous. Dkt. 16 at 10. However, as the Commissioner contends, the clear and convincing reason for discounting Plaintiff's testimony also suffices to discount his father's similar testimony.[1] "Where lay witness testimony does not describe any limitations not already described by

---

[1] The Commissioner's position is not, as Plaintiff asserts, an impermissible *post hoc* argument, but a valid harmless error analysis. *See* Dkt. 17 at 9.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 3

the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, … the ALJ's failure to discuss the lay witness testimony [is not] prejudicial per se." *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). The Court concludes the ALJ did not harmfully err by discounting Plaintiff's father's testimony.

**C.     Medical Opinions**

An examining physician's opinion is generally entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). An ALJ need not provide any reason for accepting a doctor's opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions").

**1.     Dr. Daley**

Dr. Daley performed a Psychological Diagnostic Evaluation in October 2014. Tr. 433. The ALJ gave the report "partial weight," crediting Dr. Daley's opinions that Plaintiff had sufficient reasoning capacity and memory to work but rejecting the remainder of his opinions as "somewhat uncertain." Tr. 23.

Plaintiff argues Dr. Daley's opinions constitute substantial evidence Plaintiff cannot sustain work. Dkt. 17 at 6. That is not the standard. "[T]he key question is not

whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Plaintiff also argues Dr. Daley's opinions establish overwhelming deficits, consistent with his and his father's testimony. Dkt. 17 at 6. But the ALJ permissibly discounted their testimony. Plaintiff argues that, while Dr. Daley's opinions were uncertain or speculative regarding Plaintiff's failure to give various medications an opportunity to work and his father's failure to encourage independence, Dr. Daley's opinions were certain regarding Plaintiff's anxiety prohibiting work. Dkt. 17 at 6. But Dr. Daley's opinions are speculative throughout. Asked if Plaintiff could maintain a reasonable pace he replied, "When he is not anxious, yes, but he is likely to be anxious a large percentage of the time." Tr. 444. Responding to a question of whether Plaintiff can "concentrate well enough to work," Dr. Daley wrote, "Depends." *Id.* Dr. Daley opined Plaintiff could "probably" adapt to simple changes at work but "[m]aybe not" learn a change requiring reading skills. *Id.* Plaintiff's statement that "there is nothing vague about Dr. Daley's opinions on the ultimate disability questions" mischaracterizes the report. Dkt. 17 at 7 (emphasis removed). In fact, Dr. Daley questioned "whether or not he is *disabled* by mental health conditions for which he does not seek treatment." Tr. 443 (emphasis in original). The ALJ reasonably characterized Dr. Daley's opinions as "vague and uncertain." Tr. 24.

    The Court concludes the ALJ did not err in interpreting and partially discounting

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

Dr. Daley's opinions.

### 2. **Nonexamining State Agency Doctors**

Plaintiff argues the ALJ erred by rejecting Dr. Daley's opinions in favor of the opinions of nonexamining state agency doctors. Dkt. 17 at 9. Because the ALJ reasonably found Dr. Daley's opinions did not clearly conflict with the nonexamining doctors' opinions that Plaintiff was able to work, the ALJ was not required to prefer Dr. Daley's opinions. Plaintiff has shown no error.

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 31st day of July, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6